UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY SCOTT BUCHANAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.   24-cv-07179-EJD<br><br>**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 16, 17 |

Plaintiff Jeffrey Scott Buchanan ("Plaintiff") appeals the Commissioner of Social Security's (the "Commissioner") final decision denying disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff seeks an order reversing the administrative law judge's ("ALJ") decision and remanding the case for further administrative proceedings. Pl.'s Mot., ECF No. 16. The Commissioner opposes Plaintiff's motion and requests that the Court enter summary judgment affirming the ALJ's decision. Commissioner's Cross-Mot. for Summ. J., ("Commissioner MSJ"), ECF No. 17.

Having considered the parties' briefing and the record in this matter, the Court **DENIES** Plaintiff's motion and **GRANTS** the Commissioner's cross-motion for summary judgment.

\*　　\*　　\*

A court may reverse an ALJ's decision denying benefits "only if the decision was not supported by substantial evidence or is based on legal error." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023) (quoting

Case No.: 24-cv-07179-EJD
ORDER ON MOTIONS FOR SUMMARY JUDGMENT
1

1   *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

2   The Social Security disability evaluation has five steps. The current dispute only concerns
3   the final step, at which the ALJ considers whether there is a significant number of jobs in the
4   national economy that the claimant can perform given her residual functional capacity ("RFC").
5   20 C.F.R. § 416.920(g); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If there is not a
6   significant number, the claimant is considered disabled and entitled to disability benefits. *Tackett*,
7   180 F.3d at 1099. It is the Commissioner's burden, through the ALJ, to demonstrate that such jobs
8   exist. *Id.* To meet its burden, the ALJ may rely on a vocational expert ("VE") to provide
9   testimony about jobs the claimant can perform despite her RFC limitations. *Gutierrez v. Colvin*,
10  844 F.3d 804, 806 (9th Cir. 2016) (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)).
11  The Dictionary of Occupational Titles ("DOT"), a resource that details the specific requirements
12  for different occupations, guides the analysis.

13  Plaintiff argues that the ALJ erred at Step Five by failing to resolve apparent conflicts
14  between the VE's testimony and the DOT. If the VE's opinion that the claimant can work certain
15  jobs conflicts with the DOT's requirements for those jobs, the ALJ must ask the VE to reconcile
16  the conflict before relying on her testimony. Social Security Ruling 00-4p, 2000 WL 1898704, at
17  *2. "For a difference between [the VE]'s testimony and the [DOT]'s listings to be fairly
18  characterized as a conflict, it must be obvious or apparent. This means that the testimony must be
19  at odds with the [DOT]'s listing of job requirements that are essential, integral, or expected."
20  *Gutierrez*, 844 F.3d at 808.

21  Here, the ALJ determined, in relevant part, that Plaintiff "should avoid hazards such as
22  unprotected heights, dangerous, moving, and heavy machinery . . . [and] cannot perform fast-
23  paced work, such as assembly line work." Tr. of Admin. Record ("Tr.") 21–22. Based on that
24  RFC, the VE testified that Plaintiff could perform the work of a hand packager, floor waxer, and
25  laboratory equipment cleaner. *Id.* at 27.

26  The DOT describes the hand packager occupation as: "Packages materials and products
27  manually, performing any combination of following duties: . . . Starts, stops, and regulates speed

28  Case No.: 24-cv-07179-EJD
ORDER ON MOTIONS FOR SUMMARY JUDGMENT
2

United States District Court
Northern District of California

1   of conveyor. . . . May be designated according to whether high-production or small-lot packaging
2   as Fancy Packer." Packager, Hand, DOT 920.587-018, 1991 WL 687916. Plaintiff contends that
3   starting, stopping, and regulating the speed of a conveyor belt and working in high-production
4   packaging are incompatible with his inability to perform fast-paced work. This apparent conflict,
5   however, dissolves when reading the DOT's description of the hand packager position in full. The
6   DOT's description begins by stating that hand packagers are expected to "perform[] *any*
7   *combination of* the following duties." *Id.* (emphasis added). That phrase suggests that starting,
8   stopping, and regulating the speed of a conveyor belt is one of many possible tasks that hand
9   packagers may be asked to perform, not one required of all hand packagers. Plaintiff's
10  counterargument that the task is not preceded by the word "may" is unavailing, because it still
11  ignores the "performing any combination of the following duties" language. Similarly, the DOT
12  describes the hand packager's work as "high-production *or* small-lot packaging," suggesting that
13  not all hand packager positions are high-production. As such, there is no obvious nor apparent
14  conflict between the VE's testimony that Plaintiff could work as a hand packager given his RFC.
15      Plaintiff also argues that his RFC conflicts with how the DOT describes the floor waxer
16  and laboratory equipment cleaner positions. Plaintiff's RFC limits his ability to work in
17  environments exposed to "hazards such as unprotected heights, dangerous, moving, and heavy
18  machinery." Tr. 21. At first glance, this appears to only exclude jobs with workplace hazards
19  similar to unprotected heights or dangerous, moving, and heavy machinery. But according to
20  Plaintiff, the ALJ's use of "such as" suggests that those are just examples. "Hazards" is more
21  broadly defined by the Social Security Administration and an appendix to the DOT to include
22  "moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high,
23  exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic
24  chemicals." Social Security Ruling 96-9P, 1996 WL 374185, at *9 (Jul. 2, 1996); U.S. Dep't of
25  Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational
26  Titles, Appendix D (1993). Plaintiff contends that, by including "such as" in his decision, the ALJ
27  referred to the DOT's broader definition of "hazards." Other courts that have faced this issue
28  Case No.: 24-cv-07179-EJD
    ORDER ON MOTIONS FOR SUMMARY JUDGMENT
    3

seem to agree. *See, e.g.*, *Barry H. v. Saul*, 2021 WL 1174774, at *2 (S.D. Cal. Mar. 29, 2021); *Alexey M. K. v. Saul*, 2019 WL 3772189, at *8–9 (N.D. Cal. Aug. 12, 2019); *Vickers v. Colvin*, 2013 WL 3071257, at *6 (C.D. Cal. June 18, 2013). Seeing no reason to depart from other courts' reasoned interpretation, this Court finds that "hazards" in the ALJ's decision refers to the DOT's definition of the term.

Applied here, the definition of "hazards" in Plaintiff's RFC does not appear to create any conflict with the floor waxer occupation. The DOT's description of the floor waxer position lists no exposure to moving mechanical parts, electric shock, high exposed places, radiation, explosives, or toxic, caustic chemicals. Waxer, Floor, DOT at 381.687-034, 1991 WL 673262. Even so, Plaintiff contends that the DOT's description lists frequent exposure to "Other Environmental Conditions," which falls within the definition of "hazard." The DOT's definition of "Other Environmental Conditions" is unhelpfully sweeping, as it "may include, but [is] not limited to, such settings as demolishing parts of buildings to reach and combat fires and rescue persons endangered by fire and smoke; mining ore or coal underground; patrolling assigned beat to prevent crime or disturbance of peace and being subject to bodily injury or death from law violators," etc. U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, Appendix D (1993). To support his argument, Plaintiff instead relies on a case from the Middle District of Florida holding that "Other Environmental Conditions" in the DOT job description of a short order cook constituted "hazards" as defined by the DOT. *See Roth v. Comm'r of Soc. Sec.*, 2021 WL 4399125, at *9-12 (M.D. Fla. Sept. 27, 2021). But that case is distinguishable from the one here. The court in *Roth* made its decision with a "commonsense understanding of the job of short order cook, which would involve use of oil fryers, hot grills, . . . and other similar industrial kitchen hazards." *Id.* at *9 (cleaned up). That kind of work environment is clearly misaligned with an RFC that limits the claimant's exposure to "hazards." The same logic does not apply with the same force here. It is unclear at best whether floor waxers face the same kinds of workplace hazards that short order cooks face. That is to say, it is neither apparent nor obvious that Plaintiff's limitation concerning "hazards"

Case No.: 24-cv-07179-EJD
ORDER ON MOTIONS FOR SUMMARY JUDGMENT
4

1    conflicts with working as a floor waxer.

2    However, when applied to the laboratory equipment cleaner role, the broader definition of
3    "hazards" creates an obvious conflict.  The DOT describes the work of a laboratory equipment
4    cleaner as requiring occasional exposure to toxic caustic chemicals.  Cleaner, Laboratory
5    Equipment, DOT at 381.687-022, 1991 WL 673259.  This directly conflicts with Plaintiff's RFC
6    limiting exposure to "hazards," which includes "exposure to toxic, caustic chemicals."  By not
7    resolving this conflict before finding nondisability, the ALJ erred.

8    Though the ALJ erred by failing to resolve the conflict regarding the laboratory equipment
9    cleaner position, that alone does not necessitate reversal and remand.  Courts will not reverse an
10   ALJ's decision containing legal error if the error was harmless.  *Stout v. Comm'r, Soc. Sec.*
11   *Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).  An error is harmless when it is "inconsequential to
12   the ultimate nondisability determination" or when "the agency's path [to its conclusion] may be
13   reasonably discerned" despite the error.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir.
14   2015) (citations omitted).  Here, the former applies.  The VE testified that there are approximately
15   111,000 floor waxer positions, 27,000 laboratory equipment cleaner positions, and 72,000 hand
16   packager positions in the national economy. Tr. 27.  Even discounting the laboratory equipment
17   cleaner job due to conflict with Plaintiff's RFC, the floor waxer and hand packager jobs alone
18   represent a total of 183,000 positions in the national economy.  That figure surely meets the Step
19   Five requirement that there be a significant number of jobs in the national economy that Plaintiff
20   can perform.  *See Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1478–79 (9th
21   Cir.1989) (noting that, though the Ninth Circuit has never established the minimum number of
22   jobs to be "significant," even several hundred jobs was enough); *Albidrez v. Astrue*, 504 F. Supp.
23   2d 814, 824 (C.D. Cal. 2007) (finding 20,450 jobs nationally to be significant).  Accordingly, the
24   ALJ's error was harmless.

25   Because the ALJ did not commit any reversible error, the Court **DENIES** Plaintiff's
26   motion for reversal and remand and **GRANTS** the Commissioner's cross-motion for summary
27   judgment.  The ALJ's decision is affirmed.

28   Case No.: 24-cv-07179-EJD
     ORDER ON MOTIONS FOR SUMMARY JUDGMENT
     5

**IT IS SO ORDERED.**

Dated: July 18, 2025

                                                  EDWARD J. DAVILA
United States District Judge